Todd K. Boyer, State Bar No. 203132
    todd.boyer@bakermckenzie.com
Benjamin R. Buchwalter, State Bar No. 301130
    ben.buchwalter@bakermckenzie.com
**Baker & McKenzie LLP**
660 Hanson Way
Palo Alto, CA  94304
Telephone:  +1 650 856 2400
Facsimile:   +1 650 856 9299

Arthur J. Rooney (admitted pro hac vice)
    arthur.rooney@bakermckenzie.com
**Baker & McKenzie LLP**
300 East Randolph Street, Suite 5000
Chicago, IL  60601
Telephone:  +1 312 861 2838
Facsimile:   +1 312 698 2960

Attorneys for Defendant
KIEWIT INFRASTRUCTURE WEST CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER ZAYERZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KIEWIT INFRASTRUCTURE WEST CO.; and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No.  2:16-cv-06405-PSG-PJW<br><br>**DEFENDANT KIEWIT INFRASTRUCTURE WEST CO.'S EX PARTE APPLICATION FOR PARTIAL RECONSIDERATION**<br><br>Trial Date:   December 12, 2017<br>Time:          9:00 a.m.<br>Courtroom:  6A |

# TABLE OF CONTENTS

**Page**

EX PARTE APPLICATION ..................................................................................... 1

I.     INTRODUCTION ....................................................................................... 2

II.    ARGUMENT ............................................................................................... 3

       A.     Legal Standard ................................................................................. 3

       B.     The Court Erred By Failing To Consider Undisputed Material
              Facts That Satisfy Section 512(e)'s Meal Period Exemption ................. 4

              1.     Section 512(a)'s Meal Period Requirements Do Not Apply
                     To Construction Workers Covered By Valid CBAs ...................... 4

              2.     The CBAs In This Case Undeniably Satisfy The Conditions
                     Set Forth In Section 512(e) ............................................. 6

       C.     The Court Erred By Failing To Consider Undisputed, Material
              Facts That Satisfy Wage Order No. 16's Rest Period Exemption ............ 9

       D.     The Court Should Reverse Its Decision And Grant Summary
              Judgment On Any Claims Derived From The Meal Period and Rest
              Break Claims .......................................................................... 11

III.   CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Araquistain v. Pac. Gas & Elec. Co.*,
229 Cal. App. 4th 227 (2014) ..................................................................5, 6, 7, 9

*City of Colton v. Am. Promotional Events*,
2010 U.S. Dist. LEXIS 123744 (C.D. Cal. Nov. 2, 2010) .................................9, 12

*City of Los Angeles v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001) ......................................................................4

*Classical Silk, Inc. v. Dolan Grp., Inc.*,
2016 U.S. Dist. LEXIS 190580 (C.D. Cal. Mar. 1, 2016) .......................................4

*Fahmy v. Hogge*,
2008 U.S. Dist. LEXIS 87103 (C.D. Cal. Oct. 14, 2008) (Gutierrez, J.)........4, 9, 12

*In re Hewlett-Packard Co. Sec. Litig.*,
2013 U.S. Dist. LEXIS 86234 (C.D. Cal. June 17, 2013).........................................4

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
319 F. Supp. 2d 1059 (C.D. Cal. 2003) ............................................................9, 12

*Pyara v. Sysco Corp.*,
2016 U.S. Dist. LEXIS 94892 (C.D. Cal. July 20, 2016) ...........................5, 6, 7, 9

*Smith v. Bimbo Bakeries USA, Inc.*,
2013 U.S. Dist. LEXIS 198729 (C.D. Cal. May 20, 2013)......................................5

**Statutes**

Cal. Lab. Code §§ 512(e), (f)....................................................................2, 6

Cal. Lab. Code §512(e), (f)(1) ...................................................................5

California Business & Professions Code §§ 17200, et seq. ........................................12

Section 512(e) of the California Labor Code .......................................*passim*

Labor Code Section 512(a) ......................................................................*passim*

## EX PARTE APPLICATION

Pursuant to Central District Local Rules 7-19, Defendant Kiewit Infrastructure West Co. ("Kiewit") hereby makes this *ex parte* application for reconsideration under Local Rule 7-18.

Because this application concerns reconsideration of a dispositive Motion for Summary Judgment ("MSJ") and the final pretrial conference and trial are set for November 27 and December 12, 2017, respectively, Kiewit respectfully requests a ruling at the very earliest opportunity.

On November 9, 2017, the Court denied Kiewit summary judgment on Plaintiff's fourth cause of action (failure to provide meal periods) and on Plaintiff's fifth cause of action (failure to provide rest breaks), as well as all derivative claims.

Kiewit respectfully requests that the Court reconsider its decision because the Court did not address the dispositive argument that Kiewit is exempt from the California Labor Code and California Wage Order provisions upon which Plaintiff relies to bring these claims.

Kiewit orally advised Plaintiff's counsel of the substance of the proposed ex parte application on November 13, 2017 and November 16, 2017.  Plaintiff's counsel opposed the application.


Dated: November 16, 2017               BAKER & MCKENZIE LLP


                                       By: */s/Arthur J. Rooney*
                                           Arthur J. Rooney
                                           Attorney for Defendant
                                           KIEWIT INFRASTRUCTURE
                                           WEST CO.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Kiewit Infrastructure West Co. ("Kiewit" or "Defendant") hereby respectfully submits this Motion For Partial Reconsideration of the Court's November 9, 2017 Decision and Order on Defendant's Motion for Summary Judgment.

## I.  INTRODUCTION

The Court should reconsider and reverse its November 9, 2017 order denying Kiewit summary judgment on Plaintiff's fourth cause of action (failure to provide meal periods) and on Plaintiff's fifth cause of action (failure to provide rest breaks) on the grounds that the Court erred in not addressing the dispositive argument that Kiewit is exempt from the California Labor Code and California Wage Order provisions upon which Plaintiff relies to bring these claims.  The relevant Labor Code and Wage Order provisions are expressly inapplicable to Plaintiff because he is covered by valid collective bargaining agreements.  Accordingly, Kiewit is entitled to summary judgment on Plaintiff's meal period and rest break claims and on all claims derived from these claims because the laws upon which Plaintiff relies, by their express terms, do not apply to Plaintiff's employment with Kiewit.

Per Section 512(e) of the California Labor Code, an employer's meal period obligations under Section 512(a) do not apply to construction workers covered by a CBA that "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate."  Cal. Lab. Code §§ 512(e), (f).  Here, as Kiewit argued in its motion for summary judgment, the applicable CBAs satisfy all of Section 512(e)'s requirements.  As such, Section 512(a) cannot be used as the basis for Plaintiff's meal period claim because it is expressly inapplicable to Plaintiff.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Similarly, the rest break requirements created by Wage Order No. 16 do not apply to construction workers covered by a valid CBA so long as the CBA "provides equivalent protection." Wage Order No. 16 § 11(E). Again, as Kiewit argued in its motion for summary judgment, the undisputed facts establish that the rest break provisions of the CBAs at issue expressly incorporate the rest break requirements enumerated in Wage Order No. 16 and thus irrefutably confer "equivalent protections." Accordingly, Wage Order No. 16 cannot be used as the basis for Plaintiff's rest period claim because it is expressly inapplicable to Plaintiff.

In the Court's summary judgment order, there was no discussion of the material facts or legal arguments that indisputably showed that the meal period and rest break requirements set forth respectively in Labor Code Section 512(a) and in Wage Order No. 16 are inapplicable to Plaintiff and, therefore, cannot support his meal period and rest break claims. Accordingly, Kiewit respectfully requests that the Court reconsider and reverse its order denying summary judgment on Plaintiff's meal and rest period claims and enter judgment in favor of Kiewit on those claims and on all derivative claims.

## II.   ARGUMENT

### A.   Legal Standard

Pursuant to Local Rule 7-18, a motion for reconsideration must be based on one of the following grounds: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." C.D. Cal. L.R. 7-18.

A district court also possesses the inherent power to "reconsider, rescind, or modify an interlocutory order" so long as it retains jurisdiction over the case. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Courts in

this district have entertained motions to dismiss under Rule 7-18 where "the district court . . . committed clear error or the initial decision was manifestly unjust." *See In re Hewlett-Packard Co. Sec. Litig.*, 2013 U.S. Dist. LEXIS 86234, at *3-*4 (C.D. Cal. June 17, 2013); *Classical Silk, Inc. v. Dolan Grp., Inc.*, 2016 U.S. Dist. LEXIS 190580, at *8 n.2 (C.D. Cal. Mar. 1, 2016) (noting that "courts have concluded that justice is best served by entertaining motions for reconsideration based on a perceived error of law to ensure that the court's prior order is not 'infected with error'") (citations omitted); *Fahmy v. Hogge*, 2008 U.S. Dist. LEXIS 87103, at *3 (C.D. Cal. Oct. 14, 2008) (Gutierrez, J.) ("Reconsideration is appropriate if . . . the court committed clear error or the initial decision was manifestly unjust . . . .") (*citing Sch. Dist. No. 1J Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

In this case, reconsideration of the Court's November 9, 2017 decision and order on Defendant's Motion for Summary Judgment is warranted because (1) the Court does not appear to have considered material facts in rendering its decision and/or (2) the Court committed a clear error of law by failing to address and adopt Defendant's argument that Plaintiff's meal and rest period claims cannot be brought under Labor Code Section 512(a) and under Wage Order No. 16, respectively, as this regulatory authority is expressly inapplicable to him because he was subject to a valid CBA. As such, Plaintiff cannot bring his meal period and rest break claims in this Court, as they are subject to the grievance and arbitration process under the CBA.

## B. The Court Erred By Failing To Consider Undisputed Material Facts That Satisfy Section 512(e)'s Meal Period Exemption

### 1. Section 512(a)'s Meal Period Requirements Do Not Apply To Construction Workers Covered By Valid CBAs

Section 512(e) of the California Labor Code states that the meal period requirements set forth in Section 512(a) and (b) do not apply to construction workers (like Plaintiff), provided that certain statutory conditions are met. Cal. Lab. Code §512(e), (f)(1). Section 512(e) states:

Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied:

(1) The employee is covered by a valid collective bargaining agreement.

(2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

*Id.* §512(e).  *See also Araquistain v. Pac. Gas & Elec. Co.*, 229 Cal. App. 4th 227, 229, 232 (2014) (noting that the meal period requirements of Section 512(a) do not apply to covered employees provided the conditions of Section 512(e) are satisfied); *Pyara v. Sysco Corp.*, 2016 U.S. Dist. LEXIS 94892, at *9 (C.D. Cal. July 20, 2016) (observing that an employer's "meal period obligations under Section 512(a) are not applicable to [covered employees] who are covered by a CBA" that satisfies the conditions in Section 512(e)).  *Cf. Smith v. Bimbo Bakeries USA, Inc.*, 2013 U.S. Dist. LEXIS 198729, at *7 n.3 (C.D. Cal. May 20, 2013) (noting that parties stipulated to the dismissal of meal period claims that were precluded by Section 512(e) exemption).

Both this District and the California Court of Appeals have applied the Section 512(e) exemption to dismiss meal period claims brought under Section 512(a).  In *Pyara v. Sysco Corp.*, 2016 U.S. Dist. LEXIS 94892 (C.D. Cal. July 20, 2016), the plaintiff (an industrial truck driver whose terms and conditions of employment were governed by a CBA) alleged that his employer violated Section 512(a) by failing to provide required meal periods.  The employer argued that plaintiff's meal period claim was "statutorily barred" by the exemption set forth in Section 512(e), and the district court agreed.  *Id.* at *9.  Specifically, the court found that the CBA at issue

"satisfie[d] all of the conditions set forth in Section 512(e) and (f)" and thus held that plaintiff's "Section 512(a) claim is . . . exempted by Section 512(e)." *Id.* at *9-*10.

In *Araquistain v. Pacific Gas & Electric Co.*, 229 Cal. App. 4th 227 (2014), the California Court of Appeals confronted a slightly more nuanced question, namely whether the exemption in Section 512(e) applied where the CBA at issue permitted employees "to eat their meals during work hours and shall not be allowed additional time therefore at Company expense." *Id.* at 230.   The court was tasked with determining whether this contract language satisfied Section 512(e)'s requirement that a CBA "expressly provide for meal periods." *Id.*  The Court held that it did and that Section 512(e) operated to bar plaintiff's meal period claim under Section 512(a). *Id.* at 237-38.  In reaching this conclusion, the Court thoroughly examined the legislative history of Section 512(e) and observed:

> [Section 512(e)] provides an exception to the ordinary rule that an employer must provide meal periods of a specified time after a specified amount of work; that is, it provides that where a [CBA] meets certain requirements, [Section 512(a)] "do[es] not apply." It would make no sense to conclude that [Section 512(a)'s] requirements apply to an employee who is explicitly exempted from them. Rather, [the statute] authorizes [CBAs] that provide alternate meal period arrangements.

*Id.* at 236.  As in *Pyara* and *Araquistain* (and as detailed below), the CBAs at issue in this matter indisputably comply with Section 512(e), thereby rendering the meal period requirements in Section 512(a) in applicable to Plaintiff.

## 2.  The CBAs In This Case Undeniably Satisfy The Conditions Set Forth In Section 512(e)

The following facts are undisputed in this case:  (1) the terms and conditions of Plaintiff's employment were governed by the 2012 CBA (UMF 7); (2) the 2012 CBA expressly addresses wages, hours of work and working conditions of employees

(UMF 7); (3) the 2012 CBA expressly provides for meal periods, namely 30 minutes for lunch no later than five hours after the start of work (UMF 8); (4) the 2012 CBA provides premium wage rates for all overtime hours worked (Dkt. No. 71-1, Rooney Decl., Ex. A, 2012 CBA at 37); (5) the 2012 CBA provides for a regular pay rate that is higher than thirty percent of the state's minimum wage (Dkt. No. 71-1, Rooney Decl., Ex. A, 2012 CBA at 30); and (6) both the 2012 CBA and the 2015 CBA (the latter of which became effective after Plaintiff's employment with Kiewit ended) provide for final and binding arbitration of disputes concerning the CBAs' meal period provisions (UMF 11-12).[1]

Specifically, the 2012 CBA's binding arbitration provision states in pertinent part:

> There is hereby established a Laborers' Joint Adjustment Board consisting of four . . . representatives of the Contractors and . . . four . . . representatives of the Union . . . for . . . interpreting and enforcing . . . this Agreement.  No dispute, complaint or grievance shall be recognized unless called to the attention of and, in the event it is not resolved, confirmed in writing to the individual Contractor, the appropriate Association, or the Local Union and the Union . . . .
>
> * * *
>
> In the event a grievance or dispute cannot be satisfactorily adjusted on the job between . . . the Union and the Contractor . . ., the appropriate Contractor's Association shall meet as soon as possible with the Contractor and the Union representative in an attempt to resolve the dispute. If the dispute is not resolved at this meeting, the issue shall be

---

[1] Like the 2012 CBA, the 2015 CBA also satisfies Section 512(e)'s requirements, in that it addresses wages, hours of work and working conditions of employees, it expressly provides for meal periods, it pays a premium rate for all overtime worked, it provides for a regular pay rate higher than thirty percent of the state's minimum wage, and (as detailed herein), it provides for binding arbitration of meal period disputes. (UMF 8-12).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

immediately referred to the Joint Adjustment Board….

* * *

The Joint Adjustment Board shall meet . . . and . . . shall issue decisions immediately. In the event the Joint Adjustment Board does not reach a decision for reasons of its own, any dispute or grievance may be referred to arbitration by either or both parties . . . to the arbitrator designated in Paragraph H. The arbitrator shall meet with the members of the Joint Adjustment Board . . . and render a decision . . . . A simple majority of the Joint Adjustment Board shall be final and binding upon all parties and the grievants. In the event of a deadlock and the use of the arbitrator is required, a majority decision of the Joint Adjustment Board and the arbitrator shall be final and binding upon all parties and the grievants.

* * *

It is understood and agreed that the procedures outlined in this Article VI shall be the exclusive remedy for any violation of this Agreement.

(Dkt. No. 71-1, Rooney Decl., Ex. A, 2012 CBA at 22-24).  The subsequent, 2015 CBA contain an identical, binding grievance and arbitration process. (UMF 12, Dkt. No. 49-26, Esparza Decl., Ex. B, 2015 CBA at 24-26).

Based on these undisputed facts, the conditions set forth in Section 512(e) are unquestionably satisfied.  As a result, Kiewit is exempt from the meal period requirements of Section 512(a), and Plaintiff cannot maintain a meal break claim as a matter of law.  *See Araquistain*, 229 Cal. App. 4th at 237 (granting summary judgment for employer on missed meal break claim based on exemption under where CBA satisfied requirements of Section 512(e)); *Pyara*, 2016 U.S. Dist. LEXIS 94892, at *12 (granting judgment on the pleadings for employer on missed meal break claim because it was exempt under Section 512(e) as a result of applicable CBA).

In its November 9, 2017 summary judgment order, the Court did not address

Kiewit's argument that Plaintiff, as an employee subject to the CBAs, cannot support his meal period claims on the basis of Labor Code Section 512(a) because Kiewit is exempt from its requirements under Section 512(e).  *See* Dkt. No. 54 at 19-22; Dkt. No. 82 at 4-5. The Court committed clear error by failing to address this dispositive legal argument.

Accordingly, Kiewit respectfully requests the Court reconsider and reverse its decision denying summary judgment on Plaintiff's fourth cause of action alleging failure to provide meal periods, and enter summary judgment in favor of Kiewit on Plaintiff's meal period claim and on all derivative claims.  *See, e.g.*, *Fahmy*, 2008 U.S. Dist. LEXIS 87103, at *7, *16-17 (Gutierrez, J.) (granting motion to reconsider and reversing prior ruling that erroneously denied dismissal based on lack of personal jurisdiction); *City of Colton v. Am. Promotional Events*, 2010 U.S. Dist. LEXIS 123744, at *15, *25 (C.D. Cal. Nov. 2, 2010) (granting motion to reconsider and reversing prior dismissal decision that was based on incorrect analysis and application of case law); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1087-88 (C.D. Cal. 2003) (partially granting motion to reconsider based on failure to consider material facts that impacted court's legal analysis on a restitution claim).

## C.   The Court Erred By Failing To Consider Undisputed, Material Facts That Satisfy Wage Order No. 16's Rest Period Exemption

Wage Order No. 16 sets out rest break requirements for workers in the construction industry.  *See* Wage Order No. 16 § 11.  Section 11(E), however, is expressly inapplicable to employees who (like Plaintiff)are subject to a valid CBA, stating: "[t]his section shall not apply to any employee covered by a valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection."  *Id.* at 11(E).  In the "Statement as to the Basis for the Wage Order No. 16," the IWC explained the CBA exclusion in Section 11(E):

As discussed above . . ., the IWC heard testimony and received correspondence regarding the lack of employer compliance with the

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

meal and rest period requirements of its wage orders. The IWC therefore added a provision to this section that requires an employer to pay an employee one additional hour of pay at the employee's regular rate of pay for each work day that a rest period is not provided. An employer shall not count the additional hour of pay as "hours worked" for purposes of calculating overtime pay.

The IWC adopted language for Order 16 that provides that this penalty does not apply in cases where a valid collective bargaining agreement provides a final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions.

*See* Statement as to the Basis for the Wage Order No. 16, *available at* http://www.dir.ca.gov/iwc/StatementAsToTheBasisWageorder16.pdf.  Thus, under Wage Order No. 16 and its implementing statement, a CBA with a binding grievance procedure ending in arbitration and with rest period obligations (but without a one hour penalty) provides "equivalent protection."

As stated in Kiewit's summary judgment motion (Dkt. No. 54 at 11-17), both CBAs at issue in this case are undeniably valid.  Each CBA contains a binding grievance and arbitration process and each indisputably provides rest period protections that are equivalent to those contemplated in the Wage Order.  In fact, each CBA directly adopts the Wage Order provisions regarding rest breaks, providing in Article XVI, Section D:

D.  Breaks.  The parties to this Agreement recognize Industrial Wage Order 16 covering 'On Site Construction, Mining, Drilling and Logging Industries.'  Any dispute or grievance arising from this Wage Order shall be processed under and in accordance with Article VI, Procedures for Settlement of Grievances and Disputes of this Agreement. The grievance process of Article VI shall be the exclusive

method for resolving all alleged violations on this Wage Order and the time limitations of Article VI shall apply.

(UMF 31; Dkt. No. Esparza Decl., Ex. B, 2015 CBA at 34; Dkt. No. 71-1, Rooney Decl., Ex. A, 2012 CBA at 31).   Plaintiff's rest break claim, therefore, is not cognizable under the Wage Order because it is expressly excluded from coverage.  *See* Dkt. No. 71 at 6-7.

In the Court's November 9, 2017 summary judgment decision, there was no discussion of Kiewit's argument that Plaintiff's rest break claim is exempted by Wage Order No. 16.   Likewise, the Court appears to have failed to address any of the material CBA provisions rendering this exemption applicable.[2]  *See* Dkt. No. 54 at 19-22; Dkt. No. 82 at 5-6.  Accordingly, Kiewit respectfully requests the Court reconsider and reverse its decision denying summary judgment on Plaintiff's rest break claims, and grant summary judgment in Kiewit's favor on Plaintiff's fifth cause of action alleging failure to provide rest breaks and on all derivative claims.  *See, e.g.*, *Fahmy*, 2008 U.S. Dist. LEXIS 87103, at *7, *15 (Gutierrez, J.); *City of Colton*, 2010 U.S. Dist. LEXIS 123744, at *15, *25; *Nat'l Rural Telecomms. Coop.*, 319 F. Supp. 2d at 1087-88.

**D.    The Court Should Reverse Its Decision And Grant Summary Judgment On Any Claims Derived From The Meal Period and Rest Break Claims**

In its order on Kiewit's motion for summary judgment, the Court denied summary judgment on the following claims: (1) Plaintiff's first cause of action for breach of contract (Dkt. No. 82 at 7-8); (2) Plaintiff's second cause of action for failure to pay prevailing wages (Dkt No. 82 at 7-8); (3) Plaintiff's sixth cause of action for failure to provide accurate wage statements (Dkt. No. 82 at 7); (4) Plaintiff's

---

[2] The Court did consider and reject Kiewit's argument that Section 301 of the LMRA preempts Plaintiff's meal and rest period claims, finding that the meal and rest break provisions of the applicable CBA do not require interpretation and, therefore, do not trigger Section 301 preemption. (Dkt. No. 82 at 5-6). Kiewit's Section 301 *preemption* argument, however, is entirely separate and distinct from Kiewit's *exemption* arguments under Section 512(e) and under Wage Order No. 16.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

seventh cause of action for failure to pay wages in a timely manner (Dkt. No. 82 at 7-8); (5) Plaintiff's tenth cause of action for violations of the California Business & Professions Code §§ 17200, et seq. (Dkt No. 82 at 7-8); and (6) Plaintiff's eleventh cause of action for violations of PAGA (Dkt. No. 82 at 8-10).

As the Court acknowledged, these derivative claims all require the survival of Plaintiff's meal period and rest break claims. *See* Dkt No. 82 at 7-10. Accordingly, should the Court reverse its earlier decision and enter summary judgment in favor of Kiewit on Plaintiff's meal period and rest break claims, it should likewise reverse its prior rulings and enter summary judgment in favor of Kiewit on all of the above-listed derivative claims.[3] Indeed, no PAGA claim can exist where there is no Labor Code violation. In this case, the Labor Code simply does not apply, and there can therefore be no individual or representative action under PAGA.

## III. CONCLUSION

For all of the foregoing reasons, Kiewit respectfully requests this Court grant Kiewit's motion for reconsideration, reverse its November 9, 2017 Order denying Kiewit's Motion for Summary Judgment as to Plaintiff's fourth cause of action (meal period claim) and as to Plaintiff's fifth cause of action (rest break claim), and enter summary judgment in favor of Kiewit on Plaintiff's meal period and rest break claims and on all claims that derive from Plaintiff's meal period and rest break claims.

Dated: November 16, 2017                    BAKER & MCKENZIE LLP


                                            By: */s/Arthur J. Rooney*
                                                Arthur J. Rooney
                                                Attorney for Defendant
                                                KIEWIT INFRASTRUCTURE
                                                WEST CO.

---

[3] To the extent Plaintiff's wage statement claim is a direct claim, it is still based on Kiewit's meal and rest break policies and practices, which are governed by the CBA.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400