UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 16-CV-6405 -PSG (PJW) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Peter Zayerz v. Kiewit Infrastructure West | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **The Court GRANTS Defendant's Motion for Partial Reconsideration**

Before the Court is Defendant Kiewit's motion for partial reconsideration of the Court's November 9, 2017 order denying in part and granting in part its motion for summary judgment. Dkt. # 84 ("*Mot.*"). Plaintiff timely opposed, *see* Dkt. # 87 ("*Opp.*"), and Defendant replied, Dkt. # 88 ("*Reply*"). The Court finds Defendant's motion for partial reconsideration appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court GRANTS the motion.

I.   Background

Plaintiff was employed by Kiewit Infrastructure West Co. ("Defendant" or "Kiewit") as an hourly, non-exempt Laborer Journeyman for approximately four months during 2015 at Defendant's projects in Newport Beach and Huntington Beach, California. Dkt. # 54, *Defendant's Motion for Summary Judgment* ("*MSJ Mot.*") 2. He alleges that Defendant often failed to provide his crew with a second meal period after ten hours of work (or pay a premium wage if the second meal period was waived), as required by the Labor Code. *See generally First Amended Complaint ("FAC"),* Dkt. # 1; *MSJ Mot*. 6. Similarly, he alleges his supervisors failed to provide or prevented him from taking a third rest breaks for shifts in excess of ten hours (or pay a premium wage if the third break period was waived). *See FAC*.

Plaintiff filed suit in Superior Court on July 20, 2016 asserting causes of action for four direct wage and hour claims, various derivative claims flowing from those alleged violations, and for failure to reimburse business expenses. *See FAC*. Defendant removed the case on August 25, 2016. *Id*. Plaintiff sought certification of a class of aggrieved employees, which the Court denied on October 26, 2017. *See* Dkt. # 69. Defendant filed a motion for summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 16-CV-6405 -PSG (PJW) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Peter Zayerz v. Kiewit Infrastructure West | | |

judgment on all of Plaintiff's claims. *See* Dkt. # 54. The Court granted its motion as to Plaintiff's third (failure to pay overtime wages), eighth (failure to reimburse business expenses), and ninth (public works payment bond) causes of action, and granted in part and denied in part as to the sixth (failure to provide accurate itemized wage statements) cause of action; the Court denied Defendant's motion as to the first (breach of contract), second (failure to pay prevailing wages), fourth (failure to provide meal periods), fifth (failure to provide rest periods), seventh (failure to pay wages within the required time), tenth (Business and Professions Code §§ 17200, et seq.), and eleventh (PAGA) causes of action. *November 9, 2017 Order* ("*MSJ Order*") 15.

Defendant moves for reconsideration of the Court's denial of summary judgment as to the meal and rest break claims, pursuant to Local Rule 7-18, on the grounds that the Court failed to consider material facts or committed an error of law by failing to conclude that Plaintiff's meal and rest break claims are exempted by a valid CBA. *See* Dkt. # 84, *Defendant's Application for Reconsideration* ("*Mot.*") 2.

The Court's November 9, 2017 order found triable issues of fact as to whether Defendant provided Plaintiff required meal and rest break periods and paid premium wages for any missed meal or rest breaks; because it denied summary judgment on the meal and rest period claims, the Court also denied summary judgment on the remaining derivative claims. *See* Dkt. # 82, *Motion for Summary Judgment Order* ("*MSJ Order*") 15.

II.     Legal Standard

Two legal standards govern Defendant's Motion for Reconsideration: Federal Rules of Civil Procedure 59(e) and 60(b), and Local Rule 7-18.

  A.     Federal Rules of Civil Procedure 59(e) and 60(b)

The Federal Rules of Civil Procedure do not expressly recognize a "motion for reconsideration." *Clough v. Rush*, 959 F.2d 182, 186 n. 4 (10th Cir. 1992). Instead such a motion is typically treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgments or orders under Federal Rule of Civil Procedure 60(b). *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002).

Rules 59(e) and 60(b) both provide a number of grounds for relief. *See Chase v. Valenzuela*, No. CV 15-9558 BRO (FFMx), 2016 WL 1714878, *1-2 (C.D. Cal. Mar. 11, 2016). "The Ninth Circuit has held that reconsideration is appropriate under Rule 59(e) if (1) the district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 16-CV-6405 -PSG (PJW) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Peter Zayerz v. Kiewit Infrastructure West | | |

court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Id.* at *1 (citing *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Among the grounds for relief provided by Rule 60(b) are mistake, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time; fraud, misrepresentation, or misconduct; that the judgment is void; that the judgment has been satisfied, released, or discharged; and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, courts routinely deny motions for reconsideration when the motion presents "no arguments that had not already been raised." *See Buckland v. Barhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

    B.    <u>Local Rule 7-18</u>

Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

III.    <u>Discussion</u>

    Defendant moved for summary judgment on Plaintiff's meal and rest period claims on the basis that there was no genuine dispute of fact or law regarding whether Plaintiff was given proper meal and rest break periods, and that in the alternative, those claims were exempted and preempted by Plaintiff's CBA. *See* Dkt. # 53, *Motion for Summary Judgment*. Defendant now argues that in its motion for summary judgment, it "indisputably showed that the meal period and rest break requirements set forth respectively in Labor Code Section 512(a) and in Wage Order No. 16 are inapplicable to Plaintiff and, therefore, cannot support his meal period and rest break claims." *Mot*. 3.

    Plaintiff argued that while California Labor Code § 514 states that regulations do not apply to an employee covered by a CBA if the CBA "expressly provides for the wages, hours of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 16-CV-6405 -PSG (PJW) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Peter Zayerz v. Kiewit Infrastructure West | | |

work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage," courts in this district have found that pre-emption over state-law claims by such an agreement is appropriate only where the terms in the CBA relating to the meal and rest breaks are disputed and require interpretation. *See* Dkt. # 65, *Plaintiff's Opposition to Motion for Summary Judgment*, Dkt. # 65.

The Court in its prior order did not conclude that the CBA was invalid or that it failed to incorporate the requirements set forth by Wage Order No. 16, or even that Plaintiff's § 512 claims were *not* barred by his CBA. Rather, the Court determined that summary judgment for Defendant was not appropriate on the basis of pre-emption (because the CBA's terms were not disputed and did not require interpretation), and because there were triable issues of fact as to whether meal and rest break violations had occurred; additionally, the parties disputed which CBA had actually been submitted and whether it was properly named (Defendant indeed submitted the wrong document with its motion, and corrected the mistake in its reply). *See MSJ Order* 6. The relevant agreement governing the time period during which Plaintiff alleges his claims arose is the 2012-2015 Southern California Master Labor Agreement. *See* Dkt. # 71-1 Ex. A, *Declaration of Arthur J. Rooney* ("*CBA*").

Defendant correctly notes that the Court failed to consider Defendant's *exemption* argument, instead focusing on Plaintiff's *pre-emption* argument and the other issues discussed in the order. *Mot*. 11; *see generally MSJ Order*.

Pursuant to § 512(e) of the California Labor Code, if an employee is covered by a collective bargaining agreement that "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate," then §512(e) does not apply to the employer. Cal. Lab. Code §§ 512(e), (f). Instead, the CBA governs and any disputes arising between an employer and employee and they must be resolved according to the terms of the agreement ("[A]ll employee disputes . . . shall be subject to and must be processed by the employee pursuant to the procedures set forth in this Appendix C as the sole and exclusive remedy.") *MSJ Mot*. 14-15.

The parties do not dispute that the 2012-2015 CBA, which was effective from July 1, 2012 through May 2015, governs the time period during which Plaintiff alleges his meal and rest period claims arose. *Mot*. 6. There is similarly no dispute as to its validity. Whether Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 16-CV-6405 -PSG (PJW) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Peter Zayerz v. Kiewit Infrastructure West | | |

is subject to state-law claims for alleged Labor Code violations, then, depends on whether the CBA complies with § 512(e). If it does, the parties are obligated to resolve their disputes as outlined in the CBA.

    A.    <u>Meal Period Claim</u>

The CBA includes the following provision for meal periods:

Lunch periods shall be scheduled not later than five (5) hours after the start of work. An employee required to work during his lunch period shall receive time and one-half of his regular hourly rate for such time. The employee must be allowed time to eat lunch as soon as possible. An earlier starting time or deviation of the scheduled meal time may be arranged upon the approval of a majority of the employees on the job in a poll conducted by the steward, provided that no work is started prior to 2:00 a.m. without agreement of the Union . . . .

*CBA* 31.

The CBA also governs wage rates, overtime, work schedules, provision of equipment, payment of premium wages, and a grievance procedure. *See generally CBA*; *Mot.* 6?7. The grievance procedure is outlined in the CBA and states:

[A]ll employee disputes concerning violations of, or arising under Wage Order 16 . . . , the California Labor Code Sections identified in
California Labor Code section 2699.5 as amended, the California
Private Attorneys General Act (Labor Code section 2698, et seq.), and federal, state and local law concerning wage hour requirements, wage payment and meal or rest periods, including claims arising under the Fair Labor Standards Act . . . shall be subject to and must be processed by the employee pursuant to the procedures set forth in this Appendix C as the sole and exclusive remedy.

*CBA* 22-24.[1]

---

[1] Although Plaintiff's substantive claims are covered by the terms of the 2012-2015 CBA, the arbitration provision of the 2015 CBA applies to wage and hour claims arising after July 1, 2015; the terms of the grievance procedures are the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 16-CV-6405 -PSG (PJW) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Peter Zayerz v. Kiewit Infrastructure West | | |

    The CBA, then, expressly provides for "wages, hours of work, and working conditions" as required by § 512. For instance, the provision of water to site workers, protective equipment and sanitary toilets at job sites, insurance coverage for injured workmen and responses to workplace accidents are all addressed by the CBA. *See, e.g., CBA* 31.  The CBA thus "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees," and as such governs Plaintiff's meal period claim.

    Accordingly, the Court **GRANTS** summary judgment for Defendant on the Fourth cause of action (failure to provide meal periods).

    B.    <u>Rest Period Claim</u>

    Wage Order No. 16 governs rest break periods in the construction industry; rest break requirements dictated by Wage Order No. 16 do not apply to workers covered by a valid CBA, if that CBA "provides equivalent protection."  Wage Order No. 16 § 11(e).  That protection must include a "final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions." *Mot*. 10.  The CBA here contains a binding grievance and arbitration procedure, as noted above, as well as rest period protections.   It states:

> The parties to this Agreement recognize and understand that it would be inconsistent with the industry custom and practice to prohibit individuals, under normal working conditions, during the first half of the shift, a fifteen (15) minute unorganized break at his or her assigned work area. If an employee is scheduled to work ten (10) or more hours in any given day, he will be given a second fifteen (15) minute, unorganized break at the place of work during the second half of the shift between the sixth and ninth hour.

*CBA* 31.

    The break period provided by the CBA is five minutes longer than the 10-minute break required by the Labor Code; further, the CBA adopts the Wage Order's language regarding dispute resolution, stating that "[a]ny dispute or grievance arising from [Wage Order 16] shall be processed under and in accordance with Article VI, Procedures for Settlement of Grievances and Disputes of this Agreement."  *Id*; *see also MSJ Mot*. 15-16.

    Plaintiff was covered, then, by a valid CBA that offered equivalent protection as that found Wage Order No. 16.  Accordingly, Plaintiff's rest period claims are exempted by Wage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 16-CV-6405 -PSG (PJW) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Peter Zayerz v. Kiewit Infrastructure West | | |

Order No. 16 and the Court **GRANTS** summary judgment for Defendant on the Fifth cause of action (failure to provide rest periods).

  C. <u>Wage Statement Claim</u>

  The Court granted summary judgment as to the overtime wage statement claim, finding no triable issue as to whether Plaintiff worked any overtime. *MSJ Order* 15. Summary judgment was denied on wage statement claims as to the meal and rest periods. *Id.* Defendant argued that these claims were derivative of the underlying meal and rest break claims, while Plaintiff argued they were derivative and also direct. *See id.* 7. The Court found that the wage statement claims *could be* direct claims, as "an inability to figure out how many hours he worked as a result of misclassifications of rest and meal break premiums could be construed as an injury," whether or not there was an underlying meal or rest period violation. *Id.*

  Plaintiff now argues that if the Court finds in favor of Defendant on the meal and rest break claims, its wage statement claim should survive. *Opp.* 3. Plaintiff argues that its "facial wage statement claim arises from the procedure Defendant used to pay premiums . . . for missed meal and rest breaks." *Id.* As such, Plaintiff argues, it asserts a facial violation of Labor Code § 226 that does not require an underlying meal or rest break violation to survive. *Id.* The Court disagrees. The Court has determined that Defendant is exempt from liability on the Labor Code claims where the CBA instead governs dispute resolution. The same CBA required that "[w]hen employees work over five (5) hours without being provided with a one-half (1/2) hour meal period, they shall receive one-half (1/2) hour pay *at the double time rate*." *CBA* 31 (emphasis added). Paying premium wages as double time, then, was required by the CBA.

  As the meal and rest period claims are precluded by the CBA, the wage statement claim cannot be derivative of those. As a direct claim, the Court agrees that "[i]t would be nonsensical for Kiewit to be exempted from California's meal and rest break requirements based on the CBAs, but then be subject to a Labor Code claim based on its compliance with the same CBAs." *Reply* 3. The wage statement claim relating to the meal and rest periods, then, under both a derivative and direct theory, must fail as falling under the governing CBA.

  Accordingly, the Court **GRANTS** summary judgment on the remaining portion of Plaintiff's Sixth cause of action.

  D. <u>PAGA Claim</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 16-CV-6405 -PSG (PJW) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Peter Zayerz v. Kiewit Infrastructure West | | |

Without any underlying Labor Code violations, Plaintiff's Eleventh cause of action, the PAGA claim, cannot stand either. The Court therefore **GRANTS** summary judgment for Defendant on the PAGA claim.

IV.   Conclusion

The Court concedes that it failed to consider a material issue of law in its prior order, namely that the governing CBA exempts Defendant from liability under the Labor Code for the meal and rest period claims. For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Reconsideration, and accordingly:

- **GRANTS** summary judgment for Defendant on the Fourth (failure to provide meal periods) and Fifth (failure to provide rest periods) causes of action;
- **GRANTS** summary judgment for Defendant on the Sixth (failure to provide accurate itemized wage statements) cause of action;
- **GRANTS** summary judgment for Defendant on the remaining derivative claims: the First (breach of contract), Second (failure to pay prevailing wages), seventh (failure to pay wages within the required time), tenth (Business and Professions Code §§ 17200, et seq.), and eleventh (PAGA) causes of action.

This order closes the case.

**IT IS SO ORDERED**